UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Franklyn Morillo

v.                                          Case No. 20-cv-164-SM
                                            Opinion No. 2020 DNH 207
United States of America

**ORDER**

Petitioner providently pled guilty to participating in a drug distribution conspiracy.  He and his wife operated a substantial drug distribution business from their home in Haverhill, Massachusetts.  His plea was offered under a written agreement with the government in which the parties stipulated (Fed. R. Cr. P. 11(c)(1)(C)) that the Guidelines calculation in his case would start with a base offense level of not less than 26 nor more than 30, depending on the drug weight attributable to Petitioner.

The pre-sentence investigation report conservatively estimated the attributable drug weight and the court determined that the correct base offense level was 30, within the range stipulated.  Petitioner was sentenced, inter alia, to 168 months in prison, a sentence at the low end of the applicable Guidelines range.  Petitioner appealed his sentence, seeking to

challenge enhancements under the Guidelines, as well as some
supervised release conditions imposed.  The appeal was deemed
barred by the waiver provisions included in his written
agreement with the government.  United States v. Morillo, 910
F.3d 1 (1st Cir. 2018).


    Petitioner now seeks similar relief, under 28 U.S.C. §
2255, on an ineffective assistance of counsel theory.  He argues
that defense counsel 1) should have challenged the drug weight
attributable to him, as well as the leadership enhancement and a
premises or "stash house" enhancement, at sentencing; 2)
incorrectly advised him that he could be responsible for all
drugs involved in the conspiracy rather than just those
reasonably foreseeable to him; 3) failed to advise him of his
right to testify at sentencing, which he claims he would have
exercised; 4) failed to challenge conditions of supervised
release imposed; and, 5) generally failed to advise him that he
could plead guilty with no plea agreement and did not adequately
discuss the advantages and disadvantages of proceeding to trial
rather than pleading guilty.


Petitioner's Burden - Ineffective Assistance
    To prevail on an ineffective assistance of counsel claim, a
petitioner must show two things:  First, that counsel's

representation fell below an objective threshold of reasonable care, and second, that he was prejudiced by that deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  The prejudice test is met only if Petitioner shows that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficient representation.  Id.

In this case, Petitioner also seems to challenge the providence of his guilty plea, saying he would not have pled guilty if he had been advised by counsel of the advantages and disadvantages of going to trial, or if he had been properly advised that he would be held accountable under the Guidelines only for those drug quantities involved in the conspiracy that were reasonably foreseeable to him (instead of the full amount). He further says that he would have negotiated an agreement that did not include a waiver of his appellate rights had he been told of that option.  To the extent Petitioner challenges his guilty plea, in order to meet the Strickland prejudice test, he must demonstrate "a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1984).

**Discussion**

Failure to Contest the Attributable Drug Quantities

Defense counsel's acceptance of the drug quantities estimated by the probation officer - and communicated in the presentence investigation report, was not only reasonable and well within the bounds of adequate representation, but, had counsel "put the government to its proof," as Petitioner claims he should have done, that would have likely qualified as ineffective assistance.  It cannot be rationally disputed that the evidence would easily have supported a much higher estimate of drug quantities reasonably foreseeable to Petitioner.  That evidence included Petitioner's own statements to police, and, those captured on wiretaps, as well as the testimony of co-conspirators.  Petitioner was held accountable for only one year of drug dealing, when he himself admitted that he had been dealing for years, and, the attributed quantities during that year were substantially less than quantities he himself had acknowledged.

Had defense counsel made an issue of it, the government would have been given the opportunity to present that evidence and the resulting offense level would have been higher.  Without question, Petitioner would have lost the benefit of his plea bargain, and would have been facing greater exposure to a much

longer sentence, which he likely would have received.  Counsel's decision was wise, and, certainly no prejudice can be shown, given the predictable adverse results for Petitioner had counsel not accepted the conservative quantity estimates.

The Enhancements for Role in the Offense and Premises Use ("stash house")

Defense counsel objected to each enhancement based on the undisputed evidence and made appropriate legal arguments supporting his objections.  That his objections were not sustained does not alter the fact that his representation fell well within the bounds of reasonable and competent representation.  Petitioner's claims that counsel should have done more (call witnesses, call the Petitioner, etc.) are unaccompanied by any proffer that would undermine in any way the rulings on those enhancements.  The record is clear and supports both enhancements, and counsel vigorously and appropriately challenged their imposition, within the bounds of reasonable representation.  Counsel was not ineffective in that regard, and Petitioner cannot show prejudice, as he cannot demonstrate a reasonable probability that but for counsel's actions the outcome would have been different.

<u>Failure to Properly Advise of Right to Testify at Sentencing;
Properly Advise About Drug Quantity Attribution; to Properly
Advise of Possible Guilty Plea Without an Agreement Containing a
Waiver of Appellate Rights or of the Advantages or Disadvantages
of Going to Trial Rather Than Plead Guilty; and, Failure to Call
Mitigation Witnesses</u>

Petitioner asserts that defense counsel did not advise him of his right to testify at sentencing.  Had counsel so advised, he says he would have exercised his right and testified in opposition to the drug weights ascribed to him, the enhancement for using his home to deal drugs, and the enhancement for his supervisory role in the distribution conspiracy.

"A criminal defendant's right to testify on his own behalf – or, conversely, not to testify – is a critically important right.  Given the salience of the right, a defendant is entitled to be fully briefed so that he may make an informed choice." <u>Casiano-Jimenez v. United States</u>, 817 F. 3d 816, 818 (1st Cir. 2016).  Crediting Petitioner's assertions as true for the purposes of resolving this issue, counsel's failure to advise Petitioner of both his right to testify and his right to make the choice between testifying or not, would constitute ineffective assistance.[1]

---

[1] Obviously, no finding of fact is made in that regard as no hearing, at which defense counsel would have the opportunity to challenge the assertion of fact has been held.

Turning to the second part of the Strickland test, prejudice, the record reveals none, and Petitioner demonstrates none.  Petitioner proffers nothing that he would have said or offered had he been called as a witness that might show a reasonable probability that, but for counsel's failure, the result of the sentencing proceeding would have been different – "different" meaning a result more favorable to him.

As discussed earlier, the attributed drug weight was a decidedly low estimate, but an estimate based almost wholly on Petitioner's own prior statements and admissions, as well as wiretap evidence and co-conspirator testimony.  Petitioner proffers nothing but general denials that he would have contributed had he been called to testify.  But such self-serving denials would hardly have proven effective in lowering the quantity estimate or undermining either enhancement, given the record.  The evidence definitely militated against his testifying; the government's case was not "thin," but overwhelming with respect to drug quantities, Petitioner's role in the offense, and the use of Petitioner's premises to distribute drugs; Petitioner's general denials would not have "tipped the scales in his favor" or "turned the tide" with respect to those sentencing issues.  The record in this case does offer a basis for believing that if Petitioner had been

properly advised he would not have testified.  See generally,
Casiano-Jimenez, supra.  Similarly, counsel's failure to call
mitigation witnesses resulted in no determinable prejudice.
Petitioner proffers no testimony from potential mitigation
witnesses that might show a reasonable probability that the
outcome would have been different.

Petitioner bargained for and received a sentence resting on
a base offense level between 26 and 30.  Indeed, he was
sentenced at the bottom of the applicable Guideline Sentencing
Range.  He has not and cannot show prejudice, because his
argument offers nothing that would have supported either a
different ruling on the enhancements or the drug quantity, or
with respect to a departure or variance below the bottom-of-the-
range sentence imposed.  Speculative potential mitigation
witness testimony not directed to the factors underlying
imposition of the challenged adjustments, or warranting a
departure or variance, does not support a conclusion that the
outcome would have been different had counsel called the
potential witnesses.

Petitioner says, on different grounds, that he would not
have pled guilty had defense counsel not erroneously told him
that he could be held accountable for all drugs involved in the

conspiracy, rather than just those drugs that were reasonably foreseeable to him.  Petitioner concedes, however, that counsel did correct any misadvice on that score before Petitioner pled guilty.  Yet he went forward without comment and offered a fully vetted and provident guilty plea under the agreement he had signed, fully aware of the correct calculation method under the Guidelines.  And, he was sentenced according to the correct drug quantity attribution.  He was not prejudiced because the attribution was very conservative – well below what the government likely would have established if put to its proof.

Finally, Petitioner says he would not have pled guilty if counsel had properly explained that he could plead guilty without a plea agreement; and he would not have pled guilty under the agreement negotiated with the government had he been advised properly about the drug quantities attributable to him (those that were reasonably foreseeable); and, perhaps, that he would not have pled guilty had counsel fully described the advantages and disadvantages of going to trial.  Even accepting Petitioner's allegations of ineffective assistance in those regards, he again fails to meet the Strickland prejudice test.

Of course, "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have

pleaded but for his attorney's deficiencies.  Judges should

instead look to contemporaneous evidence to substantiate a

defendant's expressed preferences."  <u>Lee v. United States</u>, 137

S. Ct. 1958, 1967 (2017).


     Petitioner was facing overwhelming evidence of his guilt of

participating, in a supervisory role, in a major years-long drug

distribution conspiracy.  He pled guilty under an agreement that

"offered sufficient advantages in limiting his exposure in the

face of strong evidence of guilt:"

>      The evidence included multiple witnesses against
> Morillo as well as co-conspirators he supervised.  He
> also had a substantial criminal history and committed
> the present offense while on probation.  In exchange
> for Morillo's guilty plea, the government agreed to
> sentencing stipulations.  First, Morillo's base
> offense level would be no lower than twenty-six but no
> higher than thirty.  Second, the government would not
> oppose a reduction in Morillo's adjusted offense level
> based upon his acceptance of personal responsibility
> for the offense.  But for the plea bargain, a much
> longer sentence could easily have been imposed and
> almost certainly would have been.

<u>United States v. Morillo</u>, 910 F.3d 1, 3 (1st Cir. 2018).


     Under these circumstances it is inconceivable that

Petitioner would have seriously considered pleading guilty with

<u>no</u> agreement limiting his exposure to a substantially more

severe sentence, or that he would have elected to go to trial

after discussing the advantages and disadvantages of such a
course.  Petitioner offers no rationale that is even remotely
plausible – there were no realistic advantages to going to
trial, and there were undeniable and substantially beneficial
reasons to plead guilty under the sentence-limiting agreement.
The contemporaneous circumstances do not substantiate
Petitioner's post hoc assertions that he would not have pled
guilty.

It is equally inconceivable that Petitioner would have
refused the offered plea agreement had he known at the outset
that he would be held accountable under the Guidelines only for
those drugs and quantities involved in the conspiracy that were
reasonably foreseeable to him.  He of course knew that before
the plea colloquy in court, where he testified under oath that
he fully understood the terms of the agreement and the
consequences of his plea, and he stated that he wished to waive
his rights to a trial and other important rights and plead
guilty.  His motivation was clear – the agreement benefitted him
considerably by limiting what otherwise would have been a
substantially more severe sentence.  And, he received a sentence
that was consistent with his bargain (base offense level 30),
and one at the low end of the applicable Guidelines range as
well.

Petitioner's suggestion that, had he been better informed by defense counsel, he would not have pled guilty unless the plea agreement did not include a waiver of appellate rights, is also implausible.  While Petitioner suggests that would have been the case, nothing in the record supports that post hoc assertion.  The waiver is standard practice for the government.  Defendant, had he asked, would have been so advised.  There is nothing peculiar or different about this case, and Petitioner suggests nothing, that might have led the government to excise that provision.  And, those waiver provisions were fully explored with the Petitioner during the plea hearing – he fully understood them and their effect, and he chose to go forward with his guilty plea.  This argument, too, has all the earmarks of one arising from a post-sentencing disappointment rather than from a contemporaneous preference thwarted by ineffective counsel.

Conditions of Supervised Release

Finally, defendant seeks to challenge the imposed terms of supervised release, also on grounds that counsel provided ineffective assistance.  The conditions imposed are standard and are consistent with those recommended by the Sentencing Guidelines.  See e.g. Morillo, supra, at 4.  Counsel did not

fall below an objective threshold of reasonable care in not objecting to the terms of supervised release, and, even if he had, Petitioner suffered no prejudice as he is not yet on supervised release.  When released to the term of supervision, he will have an opportunity to request changes to or relief from the conditions imposed, in the context of the circumstances then prevailing.

## Conclusion

Petitioner, having failed to show that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of his constitutional rights so as to render the judgment unlawful, the petition is hereby dismissed.

## Rule 11 Certification

As Petitioner has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.  However, Petitioner is free to seek such a certificate from the United States Court of Appeals for the First Circuit, located in Boston, Massachusetts.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District

November 30, 2020

cc:  Franklyn Morillo, pro se
     Seth R. Aframe, Esq.